**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHARON DOUSE, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | No. 26-cv-2538 |
| | : | |
| HOLIDAY INN, | : | |
|     Defendant. | : | |

<u>**MEMORANDUM**</u>

**Joseph F. Leeson, Jr.**                                                                                   **June 30, 2026**
**United States District Judge**

    Plaintiff Sharon Douse initiated this *pro se* civil action alleging claims of employment discrimination and breach of contract against the Holiday Inn, her former employer.  For the following reasons, the Court will grant Douse leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice to Douse filing an amended complaint.

**I.        FACTUAL ALLEGATIONS**[1]

    Douse is a 62-year-old "disabled" African American female.  (Compl. at 3.)  She filed a charge of discrimination against her former employer, Holiday Inn, with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue Letter on March 9, 2026.  (*Id*. at 6.)  On March 25, 2026, she entered into a settlement agreement with Holiday Inn.  (*Id*. at 8.)  Pursuant to the agreement, Holiday Inn agreed to pay Douse "one lump sum" of $10,000 in exchange for Douse withdrawing her discrimination claims.  (*Id*.)  However, Holiday Inn instead issued "two checks as a settlement instead of one settlement check," and only one of those checks had cleared when Douse initiated this action.  (*Id*.)  Douse claims that

---

[1] The following allegations are taken from the Complaint (ECF No. 4.)  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Holiday Inn deliberately put the second check on hold, constituting a breach of the settlement agreement.  (*Id*. at 9.)

The substance of Douse's discrimination claims is not clear.  On the form employment discrimination complaint Douse used to file her Complaint, she checks the boxes indicating that she brings discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination Act in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act ("ADA").  (*Id*. at 1.)  For "discriminatory conduct" to support her claims, she checked the category "failure to reasonably accommodate my disability."  (*Id*. at 3.)  She also handwrites "voyeurism" as an additional form of discriminatory conduct.  (*Id*.)  The factual allegations Douse includes on the form Complaint to support discrimination claims are sparse.  She alleges that the bathroom closest to her workstation was unusable because it had a two-way mirror in front of the toilet.  (*Id*. at 3.)  Her manager refused to remove the mirror, which forced Douse to "walk very far" to locate a bathroom that she could use "in privacy."  (*Id*.)  Douse alleges that this discriminatory conduct occurred in April 2025.  (*Id*. at 4.)  For relief, Douse requests that the Court direct Holiday Inn to "honor any out of court settlement."  (*Id*. at 5.)

## II.     STANDARD OF REVIEW

Because Douse appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Douse's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Additionally, the Court must dismiss any claims over which subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Douse is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.*  The important consideration for the Court is whether "a pro se complaint's

3

language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.   DISCUSSION

#### A.   Federal Employment Discrimination Claims

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; and 42 U.S.C. § 12112). The substance of Douse's discrimination claims is not clear. She checks the box on her form complaint indicating an intent to assert discrimination claims based on race, age, and disability; however, she alleges very few facts to support these claims. To state a claim for employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that her membership in a protected class was "either a motivating or determinative factor" in her employer's adverse employment action against her. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("In an age-discrimination suit, the legal conclusion that the plaintiff needs to win is that the employer took the adverse action because of the plaintiff's age.").

Douse has not alleged sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of race discrimination under Title VII or age discrimination under the ADEA. Douse alleges merely that she was unable to use the bathroom closest to her workstation because it had a two-way mirror in front of the toilet and that her manager refused to remove the mirror, which forced her to "walk very far" to find a bathroom that she could use "in privacy." (Compl. at 3.) The allegations fall short of even the minimal requirements under Rule

8. *Garrett*, 938 F.3d at 92; *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).  Moreover, Douse asserts no allegations about how her employment with Holiday Inn ended or any allegations concerning an adverse employment action.  *See Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (noting that an adverse employment action is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment"); *Barnees v. Nationwide Mut. Ins. Co.*, 598 F. App'x 86, 90 (3d Cir. 2015) (stating that Title VII does not "provide relief for general unpleasantness that can occur in the workplace, even if that unpleasantness may be motivated by racial animus").  Nor does Douse allege how the challenges she faced in finding an appropriate bathroom were in any way motivated by her race or age.  *See Culler v. Sec'y of U.S. Veterans Affs.,* 507 F. App'x 249, 250 (3d Cir. 2012) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2012)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Douse's disability discrimination claims are similarly deficient.  To state a discrimination claim under the ADA a plaintiff must assert allegations that raise a reasonable expectation that discovery will reveal evidence:  (1) that she is disabled within the meaning of the ADA; (2) that she is otherwise qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (3) she suffered an adverse employment decision as a result of

5

the discrimination.  *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citation omitted).  Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities."[2]  *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

Douse has not plausibly pleaded any of the elements of an ADA discrimination claim.  Notably, she has not alleged any facts about her disability or her role with Holiday Inn, including how it ended and whether she was qualified to perform the essential functions of the job with or without an accommodation.  Moreover, she has not asserted any facts about an adverse employment action and how she allegedly suffered discrimination on account of her disability.  Without any facts to support an ADA claim, the claim must be dismissed.  *See Fowler*, 578 F.3d at 212 (noting that an employment claim is sufficient if it "pleads how, when, and where [the employer] allegedly discriminated against [the plaintiff]"); *Kerr v. County of Allegheny*, No. 25-1775, 2026 WL 1068204, at *3 (3d Cir. Apr. 20, 2026) (affirming dismissal of ADA claims because "the Complaint only asserts perfunctorily that the Defendants discriminated against her on the basis of her disability but fails to allege any facts from which such a conclusion can reasonably be inferred"); *Brister v. Emp. Opportunity & Training Ctr. of Ne. Pa. Inc.*, No. 22-2047, 2023 WL 4424255, at *2 (M.D. Pa. July 10, 2023) (dismissing ADA claim for failure to

---

[2] Under the ADA, a plaintiff is disabled if she (1) has a "physical or mental impairment that substantially limits one or more" of her "major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment."  *Eshleman*, 961 F.3d at 245 (citing 42 U.S.C. § 12102(1)).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).

accommodate where plaintiff alleged only in conclusory fashion that her employer failed to provide reasonable accommodations for her disability).

Accordingly, Douse has not pled plausible discrimination claims under Title VII, the ADEA, or the ADA.[3]  Mindful of her *pro se* status, the Court will grant her leave to file an amended complaint to provide additional facts to cure the defects the Court has noted.  Douse should be aware that merely checking boxes on the form and attaching exhibits is not sufficient in itself to allege plausible claims.  While she may use the form as part of an amended complaint, she should present all facts to support her claims in an attached narrative statement in numbered paragraphs as required by the Federal Rule of Civil Procedure 10.

**B.      Breach of Contract Claims**

Douse's Complaint also asserts breach of contract claims based on Holiday Inn's alleged breach of the settlement agreement addressing employment claims.  However, there is no independent basis for the Court's jurisdiction over any such claims.  In the absence of any federal claims, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.[4]  Complete diversity is required,

---

[3] To the extent Douse intended to also assert a retaliation claim by placing a checkmark next to retaliation on the form Complaint, the claim will also be dismissed.  To state a plausible retaliation claim, a plaintiff must allege facts showing:  (1) that she engaged in a protected employment activity; (2) that the employer took an adverse employment action against her; and (3) a causal link between the protected activity and the adverse employment action.  *Connelly*, 809 F.3d at 789.  A general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that she complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).  Douse alleges no facts about engaging in a protected employment activity, let alone that Defendant took an adverse action against her in connection with a protected employment activity.

[4] Having dismissed Douse's federal claims, the Court will not exercise supplemental jurisdiction over her state claims.

meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co.*, 800 F.3d at 104 (explaining that for complete diversity, "no plaintiff [may] be a citizen of the same state as any defendant" (citations omitted)).  An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain.  *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business.  *See* U.S.C. § 1332(c).  Douse provides Pennsylvania addresses for herself and for the Holiday Inn.  Further, the amount in controversy is $10,000, which is well below the statutory requirement.  Thus, it appears that diversity jurisdiction is lacking over her breach of contract claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Douse leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Douse will be permitted to file an amended complaint if she can allege facts to cure the deficiencies noted by the Court.

An appropriate Order follows, which contains additional instructions as to amendment.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

8