**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHARON DOUSE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 26-cv-2538** |
| | : | |
| **HOLIDAY INN,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.** **September 28, 2026**
**United States District Judge**

Plaintiff Sharon Douse initiated this *pro se* civil action alleging claims of employment discrimination and breach of contract against the Holiday Inn, her former employer. The Court previously granted Douse leave to proceed *in forma pauperis* and dismissed her Complaint without prejudice. (ECF No. 12.) Douse returned with the pending Amended Complaint. (ECF No. 14.) For the reasons that follow, the Court will dismiss Douse's federal employment discrimination claims with prejudice and dismiss her state law breach of contract claims without prejudice for lack of subject matter jurisdiction.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

In her initial Complaint, Douse alleged that she filed a charge of discrimination against Holiday Inn and received a Notice of Right to Sue Letter. (ECF No. 4 at 4.) At some point after she filed the charge, she entered into a settlement agreement where she would receive "one lump sum" of $10,000 in exchange for her withdrawal of the discrimination claims. (*Id*. at 8, 11.)

[1] The following allegations are taken from Douse's Amended Complaint ("Am. Compl."), including the exhibits attached thereto (ECF No. 14). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

When Holiday Inn allegedly issued two settlement checks, only one of which cleared the bank, Douse initiated this lawsuit, claiming that Holiday Inn breached the settlement agreement by not issuing one "lump sum" payment. (*Id*. at 8-9.) In its June 30, 2026, Memorandum and Order, the Court dismissed Douse's federal employment discrimination claims, noting that the substance of the claims was "not clear" and that her "sparse" allegations did not raise a reasonable expectation that discovery would reveal evidence of race, age, or disability discrimination.[2] (ECF No. 11 at 2-7.) The Court also dismissed Douse's breach of contract claim, concluding that there was no independent basis for the Court's jurisdiction over this state law claim. (*Id*. at 7-8.)

Douse returned with an Amended Complaint naming additional Defendants: Pranam Narayan LLC, "Owner of Holiday"[3]; Margaret Ryder, Esquire, "Lawyer for Defendant"; Christoper Gilligan, Esquire, "Lawyer for Defendant"; Joanne Baccari, "PNC AVP Branch Manager"; and Jason Henke, "PNC Officer, Executive Client Relations Specialist." (Am. Compl. at 17.) Similar to her Complaint, Douse includes very few allegations supporting her employment discrimination claims. On the form employment discrimination complaint Douse used to file her Amended Complaint, she checks the boxes indicating that she brings discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act

---

[2] Douse appears to have based her claims on allegations that, in April 2025, she was forced to walk too far to use the bathroom because the bathroom closest to her workstation was unusable. (ECF No. 4 at 3-4; ECF No. 11 at 2.)

[3] At times, Douse refers to her former employer as "Pranam Narayan, LLC," and at times she refers to it as the Holiday Inn. The settlement agreement is between Douse and "Pranam Narayan LLC t/a d/b/a Holiday Inn Express Reading." (Am. Compl. at 32.) Consistent with its June 30 Memorandum and Order, the Court will continue to refer to Douse's former employer as the Holiday Inn.

("ADA"). (*Id*. at 1.) For "discriminatory conduct" to support her claims, she checked the categories "failure to reasonably accommodate my disability," "failure to stop harassment," and "retaliation." (*Id*. at 2-3.) She also handwrites "refuse to honor settlement agreement" as an additional form of discriminatory conduct. (*Id*. at 3.) She alleges that the discriminatory conduct occurred on April 10, 2026, which occurred after her employment relationship with Holiday Inn ended.[4] Douse asserts that Holiday Inn breached the settlement agreement resolving her EEOC charge as "a form of retaliation" by giving her "2 checks instead of 1 check." (*Id*. at 3.) She further states that the Holiday Inn's "psychological games were abusive," because she was sent on a "goose chase," presumably to obtain the settlement checks. (*Id*.)

Douse also alleges that the Defendant attorneys who represented Holiday Inn were involved in the negotiation and execution of the settlement agreement. (*Id*. at 19-24.) After receiving the two checks, Douse walked to PNC bank to attempt to cash them and learned that one of the checks would "not be honored." (*Id*. at 20.) Defendant Bank Manager Baccari allegedly declined payment of the check. (*Id*. at 21.) Douse then walked to Chase Bank, where she was able to successfully deposit the second check. (*Id*. at 20.) Two days later, Douse spoke with PNC officer Henke about the incident. (*Id*. at 21.) Based on these allegations, Douse asserts retaliation and breach of contract claims against the Holiday Inn. It is not clear what claims Douse asserts against the attorneys or bank employees. For relief, she seeks $65,000. (*Id*. at 5, 25.)

---

[4] Although Douse does not allege how her employment relationship ended, she states in her Motion to Proceed *In Forma Pauperis* that she stopped working for the Holiday Inn in June of 2025. (*See* ECF No. 1 at 2.)

## II. STANDARD OF REVIEW

As Douse is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether the Amended Complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Douse's favor, and ask only whether the Amended Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogated on other grounds by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court must dismiss any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). Because Douse is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Federal Employment Discrimination Claims

Douse has again not alleged any facts to support her purported race, age, and disability discrimination claims. The only facts she asserts involving alleged discrimination relate to the Holiday Inn's alleged retaliatory acts that occurred when Douse was no longer employed there. Douse claims that the Holiday Inn breached the settlement agreement by providing her two settlement checks instead of one "as a form of retaliation." (Am. Compl. at 3.) To state a plausible retaliation claim, as the Court previously explained to Douse, *see* ECF No. 11 at 7 n.3, a plaintiff must allege facts showing: (1) that she engaged in a protected employment activity; (2) that the employer took an adverse employment action against her; and (3) a causal link between the protected activity and the adverse employment action. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 789 (3d Cir. 2016). A general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that she complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs*., 68 F.3d 694, 702 (3d Cir. 1995).

Douse alleges no facts about engaging in a protected employment activity. To the extent she claims that the protected employment activity was the filing of her EEOC charge, her claim must nevertheless be dismissed. Douse's alleged retaliatory conduct—breach of the settlement agreement—occurred *after* Douse had left employment with the Holiday Inn. When the retaliation occurs after the plaintiff no longer works for the defendant, she must allege facts showing that the employment activity harmed her "future employment prospects." *Hayes v. Saltz, Mongeluzzi & Bendesky, P.C*., 652 F. Supp. 3d 537, 541-42 (E.D. Pa. 2023); *see also Haynes v. Reading Hosp*., No. 25-4992, 2026 WL 161769, at *5 (E.D. Pa. Jan. 21, 2026) (concluding that the "post-resignation claim" fails because "there are no allegations that Reading

Hospital's actions . . . harmed [the plaintiff's] employment prospects"). Assuming that breach of a settlement agreement qualifies as an adverse employment action, Douse's retaliation claim still fails because she does not allege how that breach "was materially adverse" to her in that it "caused harm to [her] employment opportunities." *Hayes*, 652 F. Supp. 3d at 541. Accordingly, the Court must dismiss Douse's retaliation claim. Moreover, the Court discerns no other plausible employment discrimination claim from the facts alleged in the Amended Complaint.

**B. Breach of Contract Claims**

Douse again alleges that the Holiday Inn breached its settlement agreement with her. However, having dismissed the federal employment claims, there is no independent[5] basis for the Court's jurisdiction over any such state law claims. In the absence of any federal claims, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. As the Court previously explained to Douse,

---

5 Pursuant to 28 U.S.C. § 1367(c)(3), a "district court[] may decline to exercise supplemental jurisdiction over a claim. . . if . . . [it] has dismissed all claims over which it has original jurisdiction." "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In deciding whether to exercise supplemental jurisdiction, the district court should consider factors such as judicial economy, convenience, and fairness to litigants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them"). The United States Supreme Court has advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*

Here, because all the federal claims are being dismissed before trial and the Amended Complaint has not yet been served, the Court finds that it is in the interests of comity to decline to exercise jurisdiction. *Matthews v. Kidder, Peabody & Co.*, No. 95-85, 2000 U.S. Dist. LEXIS 23102, at *120 (W.D. Pa. Aug. 18, 2000) (concluding that where all the federal claims had been dismissed, there was "little to gain in the way of convenience or judicial economy in having this court hear a case now consisting entirely of state claims" and dismissing the state law claims without prejudice for lack of jurisdiction).

"[c]omplete diversity is required," *see* ECF No. 11 at 7, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (explaining that for complete diversity, "no plaintiff [may] be a citizen of the same state as any defendant" (citations omitted)). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c). Furthermore, the amount in controversy "is determined from the good faith allegations appearing on the face of the complaint." *Elansari v. Tinder, Inc.,* 784 F. App'x 114, 115 (3d Cir. 2019) (*per curiam*) (quoting *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997)).

Douse does not allege the citizenship of the parties. However, it appears from the face of the Amended Complaint that complete diversity is lacking. Douse provides Pennsylvania addresses for herself and for the Holiday Inn. She does not provide addresses for the other Defendants named in the Amended Complaint. (Am. Compl. at 2.) Accordingly, Douse has again not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over her state law claims. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action). Further, the amount in controversy, $65,000, (*see* Am. Compl. at 5, 25,) is below the statutory requirement, which is an additional reason the Court lacks subject matter jurisdiction, *see* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is

sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.”).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Douse’s Amended Complaint. Her federal claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Douse will not be granted leave to amend because, under the circumstances of this case, amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (stating that amendment by *pro se* litigant would be futile when litigant “already had two chances to tell his story”). Her state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. *See Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023) (stating that a dismissal for lack of jurisdiction should normally be without prejudice). Douse may attempt to pursue her breach of contract claims in state court if she chooses to do so.[6] It is important for Douse to know that the period of limitations for these claims was tolled during the pendency of this action and “for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.” 28 U.S.C. § 1367(d) (“The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.”).

[6] The Court expresses no opinion on the merits of any such claims.

An appropriate Order follows, which dismisses this case, and which shall be docketed separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*______________
**JOSEPH F. LEESON, JR.**
**United States District Judge**